**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23105-BLOOM/Sanchez**

ANA CLAYVILLE, as personal
representative of the ESTATE OF
CODY CLAYVILLE, ANA
CLAYVILLE, individually, and
BEAU CLAYVILLE,

      Plaintiffs,

v.

BOSS GROUP MINISTRIES, INC.,
and DA BLAZE MEDIA GROUP LLC,

      Defendants.

_____/

## <u>ORDER REMANDING CASE</u>

**THIS CAUSE** comes before the Court upon Plaintiff Ana Clayville, individually, and as

Personal Representative of the Estate of Cody Clayville, and Beau Clayville's (collectively

("Plaintiffs") Motion to Remand and for Case Reassignment ("Motion"), ECF No. [7]. Defendants

Boss Group Ministries, Inc., and Da Blaze Media Group LLC (collectively "Defendants") did not

a file a response in opposition to the Motion. The Court has carefully reviewed the Motion, the

record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth

below, Plaintiffs' Motion is granted.

Federal courts are courts of limited jurisdiction and, therefore, are "'empowered to hear

only those cases within the judicial power of the United States as defined by Article III of the

Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by

Congress." *Univ. of S. Ala.* V. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA*, Inc. 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted).

With regard to federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' ") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

To properly invoke a federal court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, there must be complete diversity, meaning all plaintiffs must be diverse from each defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Additionally, the Plaintiff must claim the amount in controversy exceeds $75,000. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) ("To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000."). If "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

The need for subject matter jurisdiction is not only a requirement for cases filed in federal court. The requirement also extends to removal cases because removal is only proper in a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Plaintiffs' instant Motion seeks to remand this matter because the Court lacks subject matter jurisdiction over this negligence case. ECF No. [7]. Plaintiffs assert that there is neither federal question or complete diversity and, therefore, the case should be remanded and reassigned to Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at 2. In the Notice of Removal, Defendants offer three bases to support federal subject matter jurisdiction. ECF No. [1]. The first is that "U.S. Bank is owned by China,[1] Van guard, and BlackStone, which makes this a federal case." ECF No. [1] at 1. The second is that the case involves "a FHA Loan and [Plaintiffs are] suing US bank and us for a fake murder charge, [and] 12 US Code § 94 says National American banks can only be sued in federal court." *Id.* at 3. Third and finally, Defendants assert that Boss Group Ministries "is a non-profit regulated by the Treasury and the IRS. So, this case must be in Federal Court." *Id.* at 6.

Defendants have already sought to remove this case previously. *See Clayville v. Wells*, 24-cv-23310-RKA (S.D. Fla. Aug. 30, 2024) (ECF No. [4]). When Defendants originally attempted to remove the case, Judge Altman found there was no subject matter jurisdiction, and the case was remanded accordingly. Judge Altman explained that there was no diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff Decedent and Defendants Boss Group Ministries and Da Blaze Media Group, LLC, all appear to have Florida citizenship. *See id.* at 3-4. Defendants' instant

---

[1] Defendants also assert that US Bank is "a Chinese owned Banked owned by the CIC which is the Chinese Investment Corporation whose owned at 100% by the CCP which is Chinese Communist Party. The CIC owns 70% of U.S. Bank Exh. 13. Which makes this a federal case." ECF No. [1] at 6.

Notice of Removal offers no facts or evidence to undermine Judge Altman's conclusion that there is no complete diversity.

When considering whether there was a federal question, Judge Altman explained that "this is a negligence action governed by Florida—not federal—law." *Id.* at 3. Accordingly, the claims do not arise under federal law. Additionally, Judge Altman found that the mere fact that Boss Group Ministry, Inc., is a "501(c)(3) entity" had no bearing on the jurisdictional analysis. *Id.* at 4. As such, Judge Altman concluded that Defendants failed to establish a basis for federal subject matter jurisdiction.

Although Defendants assert two new grounds for federal jurisdiction (the FHA loan and 12 U.S.C. § 94), neither impact the Court's decision to remand the case. Defendants suggest that because the subject property where the alleged negligence occurred is subject to a Federal Housing Authority loan, a federal question arises from the claims. ECF No. [1] at 3. However, the loan is not implicated by the negligence claims and therefore does not give rise to a federal cause of action.[2] As for Defendants' invocation of 12 U.S.C. § 94, that statute is a venue provision that does not confer federal subject matter jurisdiction. As such, Defendants have once again failed to establish a valid basis for removal.

However, even if Defendants had properly stated legitimate grounds for removal, remand would still be appropriate given that the instant Notice of Removal is untimely. *See Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018) ("[A] case may not be removed 'more than 1 year after commencement of the action,' unless the plaintiff acted in bad

---

[2] Although Defendants did not submit the operative complaint, the state court case number is 2023-007767-CA-01, and the relevant filings are publicly available at https://www.jud11.flcourts.org/.

Case No. 25-cv-23105-BLOOM/Sanchez

faith to prevent removal") (citing 28 U.S.C. § 1446(c)(1)) [3]; *see also Clayville et al v. Boss Group Ministries Inc. et al.*, Case No.: 2023-007767-CA-01 (D.E. 1) (Original Complaint filed on March 20, 2023).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.   Plaintiffs' Motion, **ECF No. [7]**, is **GRANTED**.

2. The above-captioned case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. The Clerk of Court shall **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, and all pending motions are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 8, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

---

[3] The exception to the one-year removal limitation does not apply as Defendants do not contend that they were unable to previously remove the case because of Plaintiffs' bad faith conduct.